UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOUGLAS PHILLIPS,

    Plaintiff,

vs.                                                     CASE NO. 3:12-cv-663-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner for Social Security,

    Defendant.[1]
_____

## ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. #1). Plaintiff seeks review of the final decision of the Commissioner of Social Security that denied Plaintiff's claim for disability insurance benefits (DIB) *Id.* This court has authority to conduct requested review. 42 U.S.C. § 405(g).

Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #11, Plaintiff's Brief). Defendant filed a brief in support of the decision to deny disability benefits (Doc. #12, Defendant's Brief). The Commissioner has filed a transcript of the underlying administrative record and evidence (hereinafter referred to as "Tr." followed by the appropriate page number). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated September 7, 2012 (Doc. # 9).

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Court has reviewed the record and has given it due consideration in its entirety, including the arguments presented by the parties in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the Court has found the issue raised by Plaintiff was fully briefed and determined oral argument would not benefit the Court in making its determination. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the Commissioner's decision is **AFFIRMED**.

## I. Procedural History

In the instant action, Plaintiff filed an application for disability benefits on June 13, 2008, with an alleged period of disability beginning on February 20, 2005 (Tr. 14). Plaintiff's application was denied initially and upon reconsideration (Tr. 1-6, 10-20). Thereafter, Plaintiff requested an administrative hearing, which was held on April 16, 2010 in Savannah, Georgia via video before administrative law judge (ALJ) G. William Davenport (Tr. 66). Plaintiff and Plaintiff's counsel appeared in Brunswick, GA, and vocational expert (VE) Kenneth Bennett (Tr. 43) appeared in Savannah, GA. Plaintiff was represented during the underlying administrative proceedings by Mr. C. James McCall, Esq., (Tr. 23). ALJ Davenport issued a hearing decision denying Plaintiff's claim for a period of disability and DIB on June 15, 2010 (Tr. 10-20). Plaintiff requested review of the hearing decision by the Appeals Council (AC); however, the AC denied Plaintiff's request on April 26, 2012 (Tr. 1-6), making the hearing decision the final decision of the Commissioner and subject to review under 42 U.S.C. § 405(g).

Plaintiff's current counsel of record, Mr. L. Jack Gibney, Esq., filed the instant action

in federal court on October 15, 2012 (Doc. #1, Complaint). The Court has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings.

## II. The Standard of Review and The ALJ Decision

A plaintiff is entitled to disability benefits if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505.[2] The Commissioner has established a five-step sequential evaluation process for determining whether a claimant/plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 404.1520 (a)(4); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 20, 2005 (Tr. 16). ALJ Davenport found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2007 (Tr. 16). At step two, the ALJ found Plaintiff had the severe impairment of chronic back pain (Tr. 16). The administrative record contains treatment notes which indicate the claimant sought outpatient mental health treatment after the date last insured and a Medical Source Statement completed by psychiatrist Dr. Steven Cuffe from the University of Florida

---

[2]Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

Psychiatry Center (Tr. 16).  The ALJ reviewed these records and found there was no diagnosis of a mental impairment from the period of time of the alleged onset date to the date last insured (Tr. 17).  The ALJ determined that these records were not relevant to the instant application (Tr. 17).  At step three, the ALJ found that the chronic back pain impairment did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 17).  The ALJ next determined that Plaintiff had the residual functional capacity (RFC) to "perform light work [...] not involving frequent lifting of objects more than 20 pounds at a time" with limited balancing, climbing, crouching, crawling, kneeling, and stooping.  The ALJ additionally determined that the Plaintiff had the ability to engage in overhead work with limited overhead reaching with his bilateral extremities and could not work frequently around hazards (Tr. 17).  At step four, the ALJ determined Plaintiff had the residual functional capacity to perform his past relevant work (Tr. 19).  The ALJ determined Plaintiff is able to perform the duties of a stock broker and a technical support specialist (Tr. 19).  Thus, the ALJ determined Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 19).

In this appeal of the Commissioner's final decision, this Court is tasked with determining whether the ALJ applied the correct legal standards, and whether the findings are supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).  The Commissioner's findings of facts are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*,

67 F.3d 1553, 1560 (11th Cir. 1995).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court will not re-weigh the evidence, but will determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude Plaintiff in this case is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen v. Yuckert*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to

provide the relevant medical and other evidence that he or she believes will prove the existence of disabling physical or mental functional limitations.  20 C.F.R. § 404.704.

### III. Background

Plaintiff was born on April 26, 1958 and is now a fifty-five year old male (Tr. 27). Plaintiff has a college education, and testified at the hearing that he earned a Bachelor's of Science degree in Marketing  (Tr. 28).  Plaintiff has past relevant work as a pizza delivery person, substitute teacher, stock broker, and technical support analyst (Tr. 28-30). In his un-dated Adult Disability Report, Plaintiff indicated that his ability to work was limited due to back injuries caused by a car accident  (Tr. 173).  Plaintiff alleges the injuries and pain limit his ability to lift anything heavy, sit for any length of time, bend over, walk for a long time, or work with his hands over his head (Tr. 170,174).  Plaintiff further claims the pain and disability cause him to be depressed (Tr. 176).

### IV. Analysis

Plaintiff raises two issues on appeal. First, he argues that the ALJ erred by failing to find Plaintiff's mental health problems were a severe impairment.  Plaintiff's Brief at 10. Plaintiff also claims  the ALJ failed to properly evaluate the medical opinion evidence from his treating physician, Dr. Carlos Oteyza, M.D.   Plaintiff's Brief at 6-7.   In general, Defendant responds that contrary to Plaintiff's argument, the ALJ did not err, and substantial evidence supports the ALJ's findings.  Defendant's Brief at 9.

**Plaintiff mental health complaints**

Plaintiff claims that his mental health impairment needs to be assessed in light of treatment records after his date last insured for DIB.  Plaintiff's Brief at 12.  Defendant

asserts that the ALJ properly evaluated the evidence and correctly found Plaintiff's current mental health condition does not relate back to his mental condition prior to the date last insured. Defendant's Brief at 10. Further, Defendant correctly argues Plaintiff's mental health records after December 2007 are not relevant to this case.[3]  *See id.*

At step two of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. 20 C.F.R. § 404.1520(c). By definition, this inquiry is a threshold inquiry: "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). In this circuit, an impairment is not severe if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. A claimant need show only that his or her impairment is not so slight and its effect not so minimal. *McDaniel v. Bowen*, 800 F. 2d 1026, 1031 (11th Cir. 1986). However, the claimant has the burden of proving that he or she has severe physical or mental impairments. *See Bowen v. Yuckert*, 482 U.S. at 146 n.5.

The ALJ's decision reflects his consideration of Plaintiff's claimed mental impairment at step two. The ALJ explicitly referenced and found the records before him were insufficient to support a severe mental impairment finding under the DIB application before him (Tr. 16-17). Plaintiff's chronic back pain, however, was found to be a severe impairment. *Id.* The ALJ then proceeded with the other steps of the sequential evaluation process. 20 C.F.R. § 404.1520(a)(4)(ii),(c). The ALJ's review of the psychiatric records

---

[3]The Court accepts this argument on the particular facts of this case only.

demonstrates his consideration of Plaintiff's mental issues in the step two finding (Tr. 16).

In this case, the ALJ discussed Plaintiff's asserted impairments, including Plaintiff's mental condition, and then after finding only Plaintiff's chronic back pain was severe, assessed Plaintiff's residual functional capacity and his ability to return to past relevant work under step four. It is clear from the ALJ's analysis and wording that he was aware of all of Plaintiff's impairments and considered them in combination as required under 42 U.S.C. § 423(d)(2)(B). Plaintiff failed to show that his claimed mental issues interfered with his ability to perform basic work activities.

Further, the reviews of the SSA medical experts support ALJ Davenport's finding that there was insufficient evidence of Plaintiff's mental impairment (*see* Tr. 264-77, 279-92). For example, the initial review of Plaintiff's medical records was conducted by Dr. Michael Zelenka, Ph.D., on September 16, 2008 (Tr. 264). Dr. Zelenka determined that the evidence was insufficient for determination of mental impairment prior to the date last insured (Tr. 276). On December 30, 2008, Dr. Alan Harris conducted an additional review of Plaintiff's medical records and he reached the same conclusion as Dr. Zelenka (Tr. 279). While Plaintiff's treating physician, Dr. Oteyza, referred Plaintiff to a psychiatrist prior to Plaintiff's date last insured, Dr. Oteyza did not diagnose Plaintiff with a mental impairment at any point in his treatment (Tr. 244-63). Without diagnosis the Plaintiff's treating physician did, however, periodically prescribe Xanax in moderate dosages of one - two milligrams a day (Tr. 246-254, 258-263). Xanax is commonly used to "treat anxiety disorders, panic disorders, and anxiety caused by depression." Drugs.com, http://www.drugs.com/xanax.html (last visited September 4, 2013).

Contrary to Plaintiff's assertions, the Court finds no error in the ALJ's consideration

of Plaintiff's claimed mental impairments. Plaintiff was not diagnosed with a mental impairment before the date last insured. The one referral to a psychiatrist did not result in a diagnosis or an opinion that Plaintiff's mental state affected Plaintiff's ability to work (*see e.g.*, Tr. 258). The ALJ is charged with determining the severity of a claimant's impairments. It is the effect an impairment has on one's ability to work that determines disability within the meaning of the Social Security Act. The effects of an impairment are measured by the limitations to the ability to work. The ALJ must consider a claimant's limitations to the ability to work when assessing the severity of an impairment. *See* 20 C.F.R. §§ 404.1520(c), 404.1521 (limitations from an impairment determine whether it is severe).

The ALJ's finding Plaintiff did not have a severe mental impairment before date last insured is supported by Dr. Zelenka's and Dr. Harris' evaluation of Plaintiff's medical records (Tr. 264-78, 279-92). The Court finds no evidence in the record that Plaintiff had anything more than slight functional limitations from claimed mental impairments. Plaintiff did not put forth any evidence to establish how his asserted mental impairments limited his ability to work. It is Plaintiff's burden to prove he is disabled and produce evidence in support of his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). There is, however, substantial evidence in the record to support the ALJ's determination that Plaintiff's mental impairments were not severe.

**Plaintiff's treating physician's medical opinion**

Plaintiff's claims the ALJ failed to properly evaluate the medical opinion from his treating physician, Dr. Oteyza. Plaintiff's Brief at 6-7. Specifically, Plaintiff argues that the ALJ "erred [in] not assigning the appropriate weight to the treating physician's [medical

source statement]..." and "if the appropriate weight is given to the opinion on the form, then the vocational testimony would be altered."  Plaintiff's Brief at 8.

Defendant argues that "a doctor's opinion may be discounted, including a treating doctor's opinion, when the doctor fails to provide objective medical evidence to support his opinion" or "if the doctor's opinion is inconsistent with the record as a whole." Defendant's Brief at 5.  Defendant contends that Dr. Oteyza's own treatment records and Plaintiff's report of daily activities do not coincide with the "overly restrictive findings" of the medical source assessment. *Id.* at 8.

Upon review and consideration of the ALJ's decision and the record evidence, the Court finds no error on the issue of the weight the ALJ afforded to the treating physician's opinion.  The case law and the Regulations require the ALJ to give substantial weight to the opinion, diagnosis, and medical evidence of a treating physician unless there is good cause to do otherwise.  *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d at 583; 20 C.F.R. § 404.1527(d).  The Eleventh Circuit has concluded "good cause" exists when: (1) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records; (2) the treating physician's opinion was not bolstered by the evidence; or, (3) the evidence supported a contrary finding. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d at 1440).

Here, the ALJ gave Dr. Oteyza's opinions "little weight" and had good cause to do so.  Dr. Oteyza's records are inconsistent with the medical opinion to which Plaintiff points as evidence of his disability.  Moreover, Plaintiff's testimony and statements do not bolster Dr. Oteyza's medical opinions.

**1. Plaintiff's treatment records with Dr. Oteyza are inconsistent with the medical opinion to which Plaintiff points as evidence of his disability.**

Dr. Oteyza's treatment records of Plaintiff begin with Plaintiff's visits to the Occupation and Rehabilitation Center on October 19, 2006 and continue through June 7, 2008 (Tr. 245-63). The records refer to Plaintiff's complaints of back spasms, chronic back pain in mid-thoracic region, and tenderness (Tr. 246-52, 255-60, 262-63). The records also refer to a prior diagnosis of facet syndrome (Tr. 254, 261).[4] The records shows that only conservative treatment was used to treat these impairments (Tr. 245). The ALJ discussed that the record demonstrated Plaintiff's symptoms were reasonably controlled with a medication regimen (Tr. 245-263). From December 27, 2007 through February 26, 2008, Dr. Oteyza noted that Plaintiff was undergoing vocational rehabilitation for possible job placement (Tr. 250-252). During this time, Dr. Oteyza did not place Plaintiff on any physical restrictions, which indicates that the symptoms were stabilized prior to the date last insured. See *Id.* In April 2010, Plaintiff underwent an MRI of the thoracic spine, which was positive for mild degenerative changes and negative for cord compression or abnormal enhancement (Tr. 317). An MRI of the lumbar spine the same day showed multilevel degenerative changes, nothing more than mild enhancement (Tr. 318). Dr. Oteyza's opinion on the severity of Plaintiff's lower-back ailments is conclusory in nature; it is not supported by the objective testing and is inconsistent with the April 2, 2010 MRI.

---

[4] Facet syndrome occurs when "the joints in the back of the spine degenerate and subsequently cause pain." Mayoclinic.com, http://mayoclinic.com/health/facetsyndrome/ (last visited September 18, 2013).

**2. Plaintiff's testimony and statements do not bolster Dr. Oteyza's medical opinion.**

The ALJ correctly noted that Dr. Oteyza's overly restrictive findings would make it impossible for Plaintiff to perform his self-reported daily activities, notably his ability to clean his home, prepare meals, care for his dog, operate a motor vehicle, grocery shop, and attend doctor appointments. (Tr. 169-176). Specifically, Dr. Oteyza assessed Plaintiff's capabilities as being restricted to lifting no more than ten pounds frequently and with limitations on lifting above shoulder level, as well as no pushing or pulling. (Tr. 321-324) In Plaintiff's Adult Function Report, he states that he goes grocery shopping two to three times a week and that he walks his dog two to three blocks a day. (Tr. 172, 174). During the hearing, Plaintiff admitted to walking three to four hundred yards a day. (Tr. 40). On Plaintiff's last visit to Dr. Oteyza, his pain level was categorized as a 4 out of 10 with medication and a 9 out of 10 without medication, with 9-10 being severe. (Tr. 245) The ALJ correctly concluded that although Plaintiff experiences some level of discomfort due to his thoracic pain, the conservative level of care received indicates that there would not be a substantial interference with the Plaintiff's ability to perform work-related activities. (Tr. 18).

**3. The opinion of the reviewing doctor supports a contrary conclusion on Plaintiff's ability to work.**

Plaintiff's records were evaluated by Dr. Eric Puestow on February 5, 2009 (Tr. 293-300). Aside from limitations on balancing and reaching in all directions, Dr. Puestow reported Plaintiff to have normal physical functions (Tr. 293-300). Specifically, Dr. Puestow determined that Plaintiff could stand, walk, and sit for a total of six hours in an eight hour workday (Tr. 294). Dr. Puestow determined that the Plaintiff has a credible back pain,

however, the Plaintiff still has general range of motion (Tr. 298).  Dr. Puestow did not find a neurological deficit when evaluating the records. *Id.*

### V. Conclusion

Thus, upon review of the ALJ's decision, the underlying record and the arguments of the parties, the Court finds substantial evidence supports the ALJ's factual findings were made in accordance with the applicable law and Regulations.  For the reasons stated herein, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.  Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of September, 2013.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge